# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| ABM JANITORIAL SERVICES-NORTH CENTRAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PAMI RYAN TOWN CENTRE LLC, <br><br> Defendant. | No. 08-CV-100-LRR <br><br><br> **ORDER** |
| J.E.M.M. OF PINELLAS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PAMI RYAN TOWN CENTRE LLC, <br><br> Defendant. | 08-CV-123-LRR <br><br><br> **ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant PAMI Ryan Town Centre LLC's ("PAMI Ryan") "Motion to Dismiss Application for Appointment of Receiver" ("Motion") (docket no. 11 in case no. 08-CV-123-LRR).[1]

## *II. BACKGROUND FACTS*

Viewed in the light most favorable to Plaintiffs ABM Janitorial Services-North Central, Inc. d/b/a ABM Janitorial Services ("ABM") and J.E.M.M. of Pinellas, Inc. d/b/a Bay Area Disaster Kleenup ("BADK"), *see Farm Credit Servs. v. Am. State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (setting forth standard for motion to dismiss), the facts are these:

---

[1] All docket entries refer to filings in case no. 08-CV-100-LRR unless expressly noted otherwise.

PAMI Ryan owns and leases certain real estate ("Real Estate") in downtown Cedar Rapids, Iowa. The Real Estate is commonly known as the "Town Centre" and consists of two five-story commercial buildings and a five-story parking ramp.[2] PAMI Ryan owns the vast majority of the Real Estate and leases the remainder from the City of Cedar Rapids ("City").[3]

The Great Flood of 2008 severely damaged the buildings and the parking ramp. PAMI Ryan contacted ABM to obtain services for the cleanup, restoration and security of the Real Estate. On June 13, 2008, ABM and PAMI Ryan executed a written contract entitled "Restoration Services and Authorization Agreement" ("Agreement"). PAMI Ryan promised to make all payments directly to ABM, including any payments due to subcontractors.

To PAMI Ryan's benefit, ABM mobilized immediately; worked diligently to complete the clean-up, restoration and security services necessary for the project; performed its obligations completely and to the satisfaction of ABM; and achieved the project's goals. ABM and its subcontractors substantially performed all of ABM's obligations under the Agreement.

---

[2] One building, 201 3rd Avenue SE, was built in 1913 and contains approximately 100,000 square feet of office and retail space. The other building, 221 3rd Avenue SE, was built in 1991 and contains approximately 106,000 square feet of office space and "drive up areas." *See* Answer (docket no. 18), at 3. The parking ramp, 218 4th Avenue SE, was built in 1965 and contains 273 parking spaces and 25,000 square feet of office space, storage space, "drive up areas" and other space. *Id*. Before the Great Flood of 2008, the following tenants leased space at the Town Centre: Mr. Beans, Boyson Jewelry, Essig & Associates, ABM, Seltec Sales, Shive-Hattery, ITC Holdings, MCI Services Marketing, McLeod Telemanagement, URRelay, Banker's Trust, The University of Iowa, 3A, Inc., RSM McGladrey, the Honorable David R. Hansen, Judge, United States Court of Appeals for the Eighth Circuit, McLeod USA Telecom and Dain Rauscher.

[3] It appears the City retains title to a now-closed alleyway and a portion of Fourth Avenue SE onto which the parking ramp extends.

On July 9, 2008, ABM billed PAMI Ryan approximately $4.3 million for services rendered pursuant to the Agreement. PAMI Ryan refused to pay the entire bill. PAMI Ryan presently owes ABM approximately $3.9 million plus costs, interest and attorneys' fees.

BADK is one of ABM's subcontractors. Pursuant to a written contract, BADK agreed to furnish labor and materials at the Real Estate. From June 17, 2008 through July 4, 2008, BADK provided such labor and materials.

The total cost of BADK's labor and materials was approximately $1.5 million. Because PAMI Ryan failed to pay ABM in full, ABM failed to pay BADK in full. ABM owes BADK approximately $1.3 million. BADK demanded payment from PAMI Ryan, but PAMI Ryan refused.

### III. RELEVANT PRIOR PROCEEDINGS

#### A. *Liens*

On August 8, 2008, ABM filed an Amended Mechanic's Lien (docket no. 2-3) in the Iowa District Court in and for Linn County ("the Iowa District Court"). *See ABM v. PAMI Ryan et al.*, No. LNLN021181 (filed Aug. 1, 2008). Pursuant to Iowa Code § 572.8 (2007), ABM asserted a mechanic's lien in the approximate amount of $3.9 million plus interest, costs and attorneys' fees against ABM's fee and leasehold interests in the Real Estate.[4]

---

[4] "The mechanic's lien only attaches to the real property on which the benefit was conferred, even though the action is not pleaded against the property, *i.e.*, it is not styled *in rem*. *W.P. Barber Lumber Co. v. Celania*, 674 N.W.2d 62, 64-65 (Iowa 2003). Presumably, ABM did not name the City as a defendant, because the City's interest in the Real Property is immune from foreclosure. *See, e.g., Economy Forms Corp. v. City of Cedar Rapids*, 340 N.W.2d 259, 263 (Iowa 1983) ("Normally it is impossible to obtain a lien on public property.") (citing *Lennox Indus., Inc. v. City of Davenport*, 320 N.W.2d 575, 577 (Iowa 1982)); *Cmty. Sch. Dist. of Eldora v. Employers Mut. Cas. Co.*, 194 F. Supp. 733, 742 (N.D. Iowa 1961) ("In the present case, the property . . . being public

(continued...)

On September 19, 2008, BADK filed an Amended Mechanic's Lien (docket no. 2-7 in case no. 08-CV-123-LRR) in the Iowa District Court. *See BADK v. PAMI Ryan*, No. LNLN021194 (filed Aug. 11, 2008). BADK asserted a mechanic's lien in the approximate amount of $1.3 million plus interest, costs and attorneys' fees against ABM's fee and leasehold interests in the Real Estate.

### B. Foreclosure Actions

#### 1. *ABM v. PAMI Ryan (Case No. 08-CV-100-LRR)*

On September 19, 2008, ABM filed a two-count Amended Complaint (docket no. 7) in this court against PAMI Ryan. In Count I, ABM seeks foreclosure of ABM's fee and leasehold interests in the Real Estate, pursuant to Iowa Code chapter 572. In Count II, ABM seeks pre-judgment attachment by garnishment of all rent payments due to PAMI Ryan, pursuant to Iowa Code chapter 639. ABM invoked this court's diversity jurisdiction, 28 U.S.C. § 1332(a)(1).

On October 10, 2008, PAMI Ryan filed an Answer (docket no. 9) to the Amended Complaint, in which it denied the substance of ABM's allegations. PAMI Ryan also asserted four affirmative defenses, including that "[t]he Amended Complaint violates Iowa Code [c]hapter 572's prohibition on joining other causes of action with a mechanic's lien foreclosure cause of action." Answer (docket no. 9), at 6.

#### 2. *BADK v. PAMI Ryan (Case No. 08-CV-123-LRR)*

On September 10, 2008, BADK filed a "Petition to Foreclose Mechanic's Lien" ("Petition") (docket no. 2-4 in case no. 08-CV-123-LRR) in the Iowa District Court. Although the Petition did not contain any formal counts and did not cite any statutory

---

[4](…continued)
property, no lien can attach to it.") (citing *Cities Serv. Oil Co. v. Longerbone*, 6 N.W.2d 325, 327 (Iowa 1942)). Foreclosure of PAMI Ryan's leasehold interest remains a possibility. Iowa Code § 572.6; *see, e.g., Lane-Moore Lumber Co. v. Kloppenburg*, 215 N.W. 637, 639 (1927); *Oliver v. Davis*, 46 N.W. 1000, 1001 (Iowa 1890).

4

authority, BADK sought (1) foreclosure of its mechanic's lien upon PAMI Ryan's fee interests in the Real Estate and (2) "appointment of a Receiver to take charge of the Real Estate during the period of foreclosure for the purpose of investigating the status of the Real Estate for the benefit of all concerned." Petition at 4.

On the same date, BADK filed an "Application for Appointment of Receiver and Request for Immediate Hearing" ("Application") (docket no. 2-5 in case no. 08-CV-123-LRR). Invoking Iowa Code § 680.1, BADK requested that the court appoint "Heritage Associates Corporation, a local commercial and investment real estate company with previous receivership experience, to serve as receiver in this matter." Application at 3. BADK represented to the court that failure to appoint a receiver would cause BADK irreparable harm, because "[t]he Real Estate, and any rents and profits and insurance and government benefits therefrom, are in danger of being lost, severely injured or impaired through the actions and inactions of [PAMI Ryan] in restoring the [Real Estate] and in failing to make payments when due." *Id.* at 2. The Iowa District Court immediately granted the Application in part and set a hearing on the merits of the Application for October 16, 2008.

On September 29, 2008, BADK filed an Amended Petition (docket no. 2-7 in case no. 08-CV-123-LRR). The Amended Petition is in all relevant respects identical to the Petition, except that in the Amended Petition BADK also sought foreclosure of PAMI Ryan's leasehold interests in the Real Estate.

On October 7, 2008, PAMI Ryan removed the Amended Petition to this court, pursuant to 28 U.S.C. § 1441(a). PAMI Ryan invoked this court's diversity jurisdiction, 28 U.S.C. § 1332(a)(1). The court granted the Application in part and set a hearing on the merits of the Application for October 16, 2008. On October 15, 2008, PAMI Ryan filed an "Answer and Resistance to Application for Appointment of Receiver" (docket no.

18).[5]

On October 20, 2008, PAMI Ryan filed an Answer (docket no. 30) to the Amended Petition, in which it denied the substance of BADK's allegations. PAMI Ryan also asserted three affirmative defenses, including that the Amended Petition and the Application "violate Iowa Code [c]hapter 572's prohibition on joining other causes of action with a mechanic's lien foreclosure cause of action." Answer (docket no. 30), at 2.

### C. Consolidation

On October 10, 2008, PAMI Ryan filed a motion to consolidate the two foreclosure cases before the court. PAMI Ryan averred that the two cases involved common questions of law and fact and concluded that the court should consolidate them, pursuant to Federal Rule of Civil Procedure 42(a). Because BADK was one of ABM's subcontractors, PAMI Ryan concluded that "the work and amounts at issue in [BADK]'s case are entirely subsumed in ABM's case and are being claimed by ABM in its case." Motion to Consolidate (docket no. 10), at 2. On October 14, 2008, the court consolidated the two foreclosure actions for the sake of judicial efficiency. Fed. R. Civ. P. 42(a).

### D. Motion

On October 10, 2008, PAMI Ryan filed the Motion. On October 15, 2008, BADK filed a Resistance (docket nos. 20 & 21) to the Motion. On October 16, 2008, ABM filed a Resistance (docket no. 24) to the Motion.[6]

On October 16, 2008, the court held a Hearing on the Motion. Attorneys Jeffrey A. Stone and Roger W. Stone represented ABM. Attorney Debra Rectenbaugh Pettit represented BADK. Attorneys Stephen D. Marso, Gary F. Eisenberg and Laura S.

---

[5] Consistent with PAMI Ryan's argument that the Application is a "cause of action," *see infra* Part IV, the Application is in the first instance styled as an answer to a complaint, not as a resistance to a motion.

[6] ABM did not formally join the Motion but apparently takes the position that a receiver is appropriate.

6

Halbreich represented PAMI Ryan.

At the Hearing, the court denied the Motion. The court indicated, however, that it would file the instant Order to explain more fully the reasons for its decision.

## IV. JURISDICTION

The court holds that it has diversity subject-matter jurisdiction over the instant consolidated cases. 28 U.S.C. § 1332(a)(1). ABM is a California corporation with its principal place of business in Texas. BADK is a Florida corporation with its principal place of business in Florida. PAMI Ryan is a Deleware corporation with its principal place of business in New York. The amount in controversy exceeds $75,000.

## V. ANALYSIS

### A. *Summary of Argument*

In the Motion, PAMI Ryan asks the court to strike the Application. PAMI Ryan argues that the Application violates Iowa Code § 572.26, which provides that "[a]n action to enforce a mechanic's lien shall be by equitable proceedings, and no other cause of action shall be joined therewith." Iowa Code § 572.26. PAMI Ryan contends that the Application is a "cause of action," and thus concludes that BADK is impermissibly attempting to join another cause of action to its action to enforce its mechanic's lien.

ABM and BADK both resist the Motion, but they do so for different reasons. In its Resistance, ABM argues that joinder is a question of federal procedural law and the court should ignore Iowa Code § 572.26. In its Resistance, BADK argued that, even if Iowa Code § 572.26 binds federal courts, it does not apply in this case. BADK contends that the Application is not a "cause of action" but merely an ancillary remedy.

### B. *Holding*

ABM's argument is well-taken. Iowa Code § 572.26 does not apply in federal court. Section 572.26 is a state procedural rule disguised as state substantive law: in relevant part, it does nothing more than carve out an exception to Iowa's otherwise liberal

7

joinder rules. *See* Iowa R. Civ. P. 1.231 (formerly Iowa R. Civ. P. 22) (providing that "[a] single plaintiff may join in the same petition as many causes of action, legal or equitable, independent or alternative, as there are against a single defendant."); *see, e.g., Capitol City Drywall Corp. v. C.G. Smith Constr. Co.*, 270 N.W.2d 608, 610-11 (Iowa 1978) ("[Section] 572.26 denies a plaintiff in a mechanic's lien foreclosure action the benefit of Rule 22 in bringing the action. It bars joinder of independent causes of action which otherwise would be permitted under that rule.") (citing *N. Iowa Steel Co. v. Staley*, 112 N.W.2d 364, 366 (Iowa 1961)). The upshot is that "a plaintiff in a mechanic's lien foreclosure action is prohibited initially from suing in one count in equity to foreclose his lien and in a separate count at law to obtain a personal judgment claim." *Capitol City*, 270 N.W.2d at 611. In state court, the request for judgment *in rem* must stand alone and may not be joined with a request for a judgment *in personam*, such as a cause of action for breach of contract. *See, e.g., Sweester v. Harwick*, 25 N.W. 744, 745 (Iowa 1885) (affirming district court's decision to strike amended petition that sought to add a mechanic's lien claim to a common law claim); *see also W.P. Barber Lumber Co. v. Celania*, 674 N.W.2d 62, 64-66 (Iowa 2003) (explaining that a judgment of foreclosure on a mechanic's lien is not a personal judgment but rather an in rem judgment). For example, a plaintiff in the Iowa District Court who wishes to pursue a common law action for breach of contract as well as foreclose on a mechanic's lien must pursue her common law remedy in a separate action. *See Frontier Props. Corp. v. Swanberg*, 488 N.W.2d 146, 149 (Iowa 1992) (reiterating that the provisions of Iowa Code chapter 572 are not exclusive).

Assuming without deciding that the Application is an improperly joined "cause of action" within the ambit of Iowa Code § 572.26, this federal court is not bound to apply it. "[F]ederal courts must apply a Federal Rule to a matter within its scope even where it differs from a state rule and could lead to a different outcome." *Hiatt v. Mazda Motor*

*Corp.*, 75 F.3d 1252, 1258 (8th Cir. 1996) (citing *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 6 (1987)); *see, e.g., id.* at 1255-60 (affirming district court's decision to apply Federal Rule of Civil Procedure 14 instead of Arkansas statue governing third-party practice). Here, Federal Rule of Civil Procedure 18 liberally permits plaintiffs to join causes of action. It provides: "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). This federal court shall enforce the Federal Rules of Civil Procedure, not an abstruse exception to a state's rules of civil procedure.

## C. Alternate Holding

BADK's argument is also well-taken. Even if the Federal Rules of Civil Procedure did not apply, the court would nonetheless hold that Iowa Code § 572.26 does not require the court to strike the Application. The Application is not a "cause of action" within the ambit of Iowa Code § 572.26.

The Application seeks the appointment of a receiver, pursuant to Iowa Code § 680.1. Section 680.1 provides:

> On the petition of either party to a civil action or proceeding, wherein the party shows that the party has a probable right to, or interest in, any property which is the subject of the controversy, and that such property, or its rents or profits, are in danger of being lost or materially injured or impaired, and on such notice to the adverse party as the court shall prescribe, the court, if satisfied that the interests of one or both parties will be thereby promoted, and the substantial rights of neither unduly infringed, may appoint a receiver to take charge of and control such property under its direction during the pendency of the action, and may order and coerce the delivery of it to the receiver.

Iowa Code § 680.1. It is settled that Iowa Code § 680.1 creates an ancillary remedy only and not a separate cause of action. *See, e.g., Wagner v. N. Secs. Co.*, 284 N.W. 461, 462

9

(Iowa 1939) ("It is the generally accepted doctrine that . . . a receiver cannot be appointed except for the purpose of preserving property involved in litigation pending the final outcome thereof; and a result thereof a receiver can only be ancillary to some other or primary relief demanded."); *Stockholders of Jefferson County Ag. Ass'n v. Jefferson County Ag. Ass'n*, 136 N.W. 672, 673 (Iowa 1912) (describing Iowa's receivership statute as "an auxiliary remedy in an action otherwise properly brought" that "do[es] not create grounds for the application . . . for a receiver in cases in which no equitable ground for such appointment as the principal foundation for the relief asked is made to appear"). A receiver is simply "a person appointed by the court to take into his custody the control and management of the property or funds of another, pending judicial action concerning them." *Dobler v. Bawden*, 25 N.W.2d 866, 869 (Iowa 1947); *Firstar Bank Ames v. Poston*, 551 N.W.2d 340, 343 (Iowa Ct. App. 1996). "Title to the property does not pass to the receiver; it remains in the original owner." *Iowa State Commerce Comm'n v. Manilla Grain Terminal, Inc.*, 362 N.W.2d 562, 564 (Iowa 1985) (citing 75 C.J.S. *Receivers* § 103, at 745-46 (1952)). It is true that, at least historically, receivers were not often appointed in mechanic's lien cases. *See* Annotation, *Right to Appointment of Receiver in Action to Enforce Mechanic's Lien*, 1 A.L.R. 1466 (1919) ("The cases involving the right of the appointment of a receiver in an action to enforce a mechanic's lien are very few."). However, the Iowa Supreme Court has repeatedly implicitly sanctioned the practice. *See, e.g., Des Moines Marble & Mantel Co. v. McConn*, 227 N.W. 521, 521-23 (1929) (affirming appointment of receiver in action to foreclose mechanic's lien).

Accordingly, the court held that, even if the Federal Rules of Civil Procedure do not apply, Iowa Code § 572.26 does not bar the Application.

## VI. CONCLUSION

The Motion (docket no. 11 in case no. 08-CV-123-LRR) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 22nd day of October, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA